(Reap. Dec. 10473)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry Nos. 5726; 613.

(Decided April 1, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values net packed plus the f.o.b. charges, but not including the buying commission invoiced to Rayman Trading Company.

That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule is not included in the list of articles designated by the Secretary of Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise here in question and that such value in each case is the invoice unit value, net, packed, plus the f.o.b. charges, but not including the buying commission invoiced to Rayman Trading Co.

Judgment will issue accordingly.